# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Manson Graves, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| Michael Ruff, Mark Harris, Jamal Fisher, Officer Freeman, William Martin, Officer Boone, Bobby Magers, and Officer Kick, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

Case No. 4:21-cv-00989

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Manson Graves, by and through his attorney, brings this Complaint for damages against Defendants Michael Ruff, Mark Harris, Jamal Fisher, Officer Freeman, William Martin, Officer Boone, Bobby Magers, and Officer Kick, and states to the Court as follows:

## PARTIES

1. Plaintiff Manson Graves, at all times relevant to this lawsuit, was a resident of the City of Bel-Ridge in the State of Missouri.

2. Defendant Michael Ruff was an Alderman of the City of Bel-Ridge. He is named in his individual capacity.

3. Defendant Mark Harris was the Police Chief of the City of Bel-Ridge. He is named in his individual capacity.

4. Defendant Jamal Fisher was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

5. Defendant Officer Freeman was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

1

6. Defendant William Martin was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

7. Defendant Officer Boone was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

8. Defendant Bobby Magers was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

9. Defendant Officer Kick was a police officer with the City of Bel-Ridge. He is named in his individual capacity.

10. Defendants are now and, at all times relevant to this lawsuit, were residents of the State of Missouri.

## JURISDICTION AND VENUE

11. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

12. The causes of action for this lawsuit arose in the City of Bel-Ridge, St. Louis County, in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

13. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

14. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claims arising under Missouri law pursuant to 28 U.S.C. § 1367.

15. Venue is appropriate in the Federal District Court of the Eastern District of

Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

16. In or around April 2018, Willie Fair was elected as the Mayor of Bel-Ridge.

17. Plaintiff was an ardent supporter of and actively campaigned for Willie Fair.

18. On April 6, 2018, prior to Mr. Fair taking office, outgoing Mayor Rachel White called an emergency meeting of the Board of Aldermen of the City of Bel-Ridge.

19. The emergency meeting was in response to unsubstantiated fears that upon assuming office Mr. Fair would terminate members of the Bel-Ridge Police Department.

20. Members of the public, members of the media, members of the Bel-Ridge Police Department and Plaintiff were all in attendance at this meeting.

21. At the end of the meeting, the Board adjourned into a Closed Session.

22. Plaintiff and other members of the public were asked to leave the meeting and they voluntarily complied.

23. As Plaintiff left the meeting, Defendant Alderman Ruff approached Plaintiff in an aggressive manner.

24. Defendant Ruff had to be restrained from attacking Plaintiff by an officer of the Bel-Ridge Police Department. This incident was captured on video by Elliot Davis of the local Fox News affiliate.

25. On information and belief, Defendant Ruff directed Defendant police officers with the Bel-Ridge Police Department to draft investigative reports alleging Plaintiff assaulted Alderman Ruff.

26. On information and belief, Defendants Chief Mark Harris and Officer Jamal

       Fisher directed their subordinates with the Bel-Ridge Police Department to write fallacious investigative reports and arrest Plaintiff.

27. Specifically, Officer Freeman wrote an investigative report on April 8, two days after the alleged incident.

28. Officer William Martin wrote an investigative report on April 10, four days after the alleged incident.

29. Officer Boone wrote an investigative report on April 15, nine days after the alleged incident.

30. On May 18, 2018, Defendant police officers with the Bel-Ridge Police Department arrested Plaintiff.

31. Specifically, Officer Bobby Magers and Officer Kick arrested Plaintiff on May 18, and each wrote an investigative report detailing that arrest.

32. Plaintiff was charged with one count of Assault in the 4th Degree.

33. Plaintiff denied that he assaulted anyone and maintains his innocence.

34. On October 2, 2018, the St. Louis County Prosecutor's Office refused to issue charges against Plaintiff.

35. The City of Bel-Ridge dismissed the charge against Manson Graves on August 8, 2019.

36. Defendants lacked probable cause to initiate prosecution against Plaintiff.

37. Specifically, Defendants concocted a charge against Plaintiff in retaliation for his support of the incoming Mayor Willie Fair.

38. On information and belief, the Bel-Ridge Police Department consorted with Defendant Ruff because they were concerned about the unfounded fear that their

employment would be terminated.

39. Defendants' actions caused Plaintiff severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

40. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

41. Count I applies to all Defendants named in this Complaint.

42. Defendant Ruff instructed the other Defendants to arrest Plaintiff.

43. The police Defendants arrested and charged Plaintiff with a criminal offense without probable cause.

44. Defendants knew or should have known that Plaintiff was wrongfully arrested and prosecuted.

45. Defendants were directly responsible for depriving Plaintiff of his freedom.

46. Defendants acted under color of state law.

47. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person.

48. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

49. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

50. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS UNDER 42 U.S.C. § 1983

51. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

52. Count II applies to all Defendants in this Complaint.

53. Defendants caused Plaintiff to be arrested and charged with a criminal offense without probable cause.

54. Defendants knew or should have known that Plaintiff was wrongfully arrested and prosecuted.

55. Defendants were directly responsible for depriving Plaintiff of his freedom.

56. Defendants acted under color of state law.

57. Defendants violated Plaintiff's Fourteenth Amendment rights by depriving him of his freedom without due process of law.

58. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

59. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

60. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting

6

similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE SPEECH UNDER 42 U.S.C. § 1983

61. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

62. Count III applies to all Defendants in this Complaint.

63. Plaintiff publicly supported Willie Fair for Mayor of the City of Bel-Ridge through Plaintiff's speech, including at the April 6, 2018 meeting of the Board of Alderman of the City of Bel-Ridge.

64. Defendants opposed Willie Fair's candidacy for Mayor.

65. Plaintiff's public support for Willie Fair constitutes free speech under the First Amendment to the United States Constitution.

66. Defendants used their authority under state law to cause Plaintiff to be arrested and charged with a criminal offense without probable cause because Plaintiff exercised his right to free speech in supporting Willie Fair for Mayor.

67. Defendants' adverse actions toward Plaintiff would have a chilling effect on people of ordinary firmness exercising their rights to free speech and to support the political candidate of their choosing.

68. Defendants' adverse actions toward Plaintiff constitute retaliation against Plaintiff for exercising his right to free speech.

69. Defendants violated Plaintiff's First Amendment right to free speech.

70. As a direct and proximate result of Defendants' actions, Plaintiff was illegally

arrested and harassed and suffered a violation of his civil liberties.

71. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

72. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

73. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV: CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

74. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

75. Count IV applies to all Defendants in this Complaint.

76. Defendants conspired with each another to deprive Plaintiff of his civil rights, including his rights to be free from unreasonable seizure of his person, to due process of law, and to free speech.

77. Defendants used their authority under state law to cause Plaintiff to be arrested and charged with a criminal offense without probable cause because Plaintiff exercised his civil liberties.

78. Defendant Ruff participated in a scheme to deprive Plaintiff of his civil rights by instructing the police Defendants to arrest Plaintiff.

8

79. Police Defendants participated in a scheme to deprive Plaintiff of his civil rights by arresting Plaintiff without probable cause and making false statements in official police records to support their illegal actions.

80. As a direct and proximate result of Defendants' actions, Plaintiff was illegally arrested and harassed and suffered a violation of his civil liberties.

81. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

82. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

83. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT V: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH UNDER MISSOURI'S CONSTITUTION

84. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

85. Count V applies to all Defendants in this Complaint.

86. Plaintiff publicly supported Willie Fair for Mayor of the City of Bel-Ridge through Plaintiff's speech, including at the April 6, 2018 meeting of the Board of Alderman of the City of Bel-Ridge.

87. Defendants opposed Willie Fair's candidacy for Mayor.

88. Plaintiff's public support for Willie Fair constitutes free speech under the Missouri's Constitution, Article I, § 8.

89. Defendants used their authority under state law to cause Plaintiff to be arrested and charged with a criminal offense without probable cause because Plaintiff exercised his right to free speech in supporting Willie Fair for Mayor.

90. Defendants' adverse actions toward Plaintiff would have a chilling effect on people of ordinary firmness exercising their right to free speech and to support the political candidate of their choosing.

91. Defendants' adverse actions toward Plaintiff constitute retaliation against Plaintiff for exercising his right to free speech.

92. Defendants violated Plaintiff's right as a citizen of Missouri to free speech.

93. As a direct and proximate result of Defendants' actions, Plaintiff was illegally arrested and harassed and suffered a violation of his civil liberties.

94. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

95. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

96. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VI: FALSE IMPRISONMENT UNDER MISSOURI STATE LAW

97. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

98. Count VI applies to all Defendants in this Complaint.

99. Defendants caused Plaintiff to be arrested and charged with a criminal offense without probable cause.

100. Defendants had no legal justification to confine Plaintiff against his will.

101. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

102. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

103. In addition to wrongfully depriving Plaintiff of his freedom, Defendants caused Plaintiff physical harm, embarrassment, and reputational damage.

104. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VII: MALICIOUS PROSECUTION UNDER MISSOURI STATE LAW

105. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

106. Count VII applies to all Defendants in this Complaint.

107. Plaintiff was prosecuted for a municipal offense of Assault in the 4th Degree in case number 19SL-MU00056 in the Circuit Court of St. Louis County.

108. Defendants instigated the malicious prosecution of Plaintiff.

109. Defendants acted under color of state law.

110. The charge against Plaintiff was subsequently dismissed.

111. Defendants lacked probable cause to arrest and criminally charge Plaintiff.

112. Defendants acted with malice in arresting and criminally charging Plaintiff.

113. Defendants caused Plaintiff physical harm, embarrassment, reputational damage and severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Patrick A. Hamacher*
Patrick A. Hamacher #63855
211 N. Broadway, Suite 2950
St. Louis, MO  63102
314-241-1919 phone
314-665-3017 fax
hamacher@ngklawfirm.com

/s/ *Elad Gross*
Elad Gross #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone:  (314) 753-9033
Email: Elad.J.Gross@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August 2021, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

*/s/Elad Gross*
Elad Gross