# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **MANSON GRAVES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00989-NCC |
| | ) | |
| **MICHAEL RUFF, MARK HARRIS,** | ) | |
| **JAMAL FISHER, OFFICER FREEMAN,** | ) | |
| **BOBBY MAGERS, and OFFICER KICK,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Officer Kick, Bobby Magers, and Michael Ruff's Motion to Dismiss (Doc. 8) and Defendants Jamal Fisher, Officer Freeman, Mark Harris's interrelated Motion to Dismiss (Doc. 14). Plaintiff Manson Graves filed a response to the Motions (Doc. 21) and Defendants Officer Kick, Bobby Magers, Michael Ruff filed a reply (Doc. 22). Defendants Jamal Fisher, Officer Freeman, and Mark Harris have not filed a reply but the time to do so has elapsed. *See* E.D. Mo. L.R. 4.01. Therefore, the Motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 25). For the following reasons, Defendants' Motions to Dismiss (Docs. 8, 14) will be **GRANTED**.

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. (citation omitted).  The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  All reasonable references from the complaint must be drawn in favor of the nonmoving party.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

Plaintiff Mason Graves ("Graves") filed this action pursuant to 42 U.S.C. § 1983 for violation of his right to be free from unreasonable seizure (Count I), violation of his right to due process (Count II), violation of his right to free speech (Count III), and conspiracy to violate his civil rights (Count IV), and pursuant to the Missouri Constitution and Missouri state law for violation of his right to free speech (Count V), false imprisonment (Count VI), and malicious prosecution (Count VII) against Defendants Officer Kick, Bobby Magers, Michael Ruff, Jamal Fisher, Officer Freeman, Mark Harris, William Martin, and Officer Boone on August 8, 2021

(Doc. 1). Graves' claims largely arise out of an alleged altercation with Defendant Ruff on April 6, 2018, at the end of a meeting of the Board of Aldermen of the City of Bel-Ridge. Graves alleges that Defendant Ruff, an Alderman at the time of incident, approached Graves in an aggressive manner and had to be restrained from attacking Graves by an officer of the Bel-Ridge Police Department. Defendant Ruff thereafter directed members of the Bel-Ridge Police Department to investigate and ultimately arrest Graves as a result of the altercation. Relevant to the current Motions, Graves was charged with one count of Assault in the 4th Degree. On October 2, 2018, the St. Louis County Prosecutor's Office refused to issue charges against Graves. The City of Bel-Ridge dismissed the charge against Graves on August 8, 2019.

On December 3, 2021, District Judge John A. Ross dismissed Defendants William Martin and Officer Boone from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) (Doc. 24). The remaining defendants Officer Kick, Bobby Magers, Michael Ruff, Jamal Fisher, Officer Freeman, and Mark Harris (collectively, "Defendants") move to dismiss Counts II, V, VI, and VII of Graves' Complaint (Docs. 8, 14). Graves agrees that Counts II, V, and VI should be dismissed but argues that Count VII for malicious prosecution is properly before the Court. Therefore, the Court will dismiss Counts II, V, and VI of Graves' complaint with prejudice and proceed to address Count VII.

### III. Analysis

In Count VII, Graves alleges that Defendants maliciously prosecuted him in violation of Missouri state law. Defendants assert that Graves has failed to properly allege when the underlying criminal proceeding was terminated and its outcome such that any claim for malicious prosecution is barred by the statute of limitations. Under Missouri state law, a two-year statute of limitations applies to claims for malicious prosecution. Mo. Rev. Stat. § 516.140.

3

A claim for malicious prosecution does not arise or accrue until the underlying proceeding or action is terminated in plaintiff's favor.  *Doyle v. Crane*, 200 S.W.3d 581, 586 (Mo. Ct. App. 2006).  "For purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice*; or (3) the action is abandoned."  *Id.* (emphasis in original).  Graves alleges that the underlying criminal action was terminated in his favor when the City of Bel-Ridge dismissed the charge against him on August 8, 2019, exactly two years prior to his filing of the current Complaint on August 8, 2021 (Doc. 1 at ¶35).  However, Graves does not clarify whether the dismissal was with or without prejudice and, "[w]hen a case is dismissed without prejudice, the dismissal constitutes a termination in favor of the defendant for the purpose of a subsequent malicious prosecution suit by him only when the party who initiated the case manifests an intent to abandon it."  *Parker v. City of Vandalia, Missouri*, No. 2:18-CV-13-JMB, 2021 WL 1080681, at *22 (E.D. Mo. Mar. 18, 2021) (citing *Doyle*, 200 S.W.3d at 589).  *See also Ciesla v. Christian*, Case No. 1:14-CV-165-ACL, 2015 WL 778703 (E.D. Mo. 2015) (finding that plaintiff failed to allege that the prosecution terminated in his favor through any of the methods required for a malicious prosecution suit when plaintiff alleged that "he was innocent of all charges and the case was dismissed by prosecutors" and that "the proceedings were terminated in his favor").  Therefore, the Court will grant Defendants' motions to dismiss as to Count VII of Graves' Complaint.  In the interests of justice, the Court will afford Graves leave to amend his Complaint to clarify the nature and circumstances of the dismissal.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Officer Kick, Bobby Magers, and Michael

Ruff's Motion to Dismiss (Doc. 8) and Defendants Jamal Fisher, Officer Freeman, and Mark Harris's Motion to Dismiss (Doc. 14) are **GRANTED**.  Counts II, V, and VI are **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Count VII is **DISMISSED, without prejudice**. Plaintiff Manson Graves shall have fourteen (14) days from the date of this order to file an amended complaint, if he so chooses, as indicated herein.

A separate order of dismissal shall accompany this order.

Dated this 11th day of January, 2022.

/s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE
